IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARY E. MORROW, | ) |
| Debtor, | ) |
| v. | ) Civil Action No.: **CV-04-MC-054-W** |
| COUNTRYWIDE HOME LOANS, a corporation, | ) |
| Defendant. | ) |

**ENTERED**
OCT - 8 2004

## MEMORANDUM OPINION

This cause comes on to be heard upon defendant Countrywide Home Loans' ("Countrywide") objection to the Magistrate Judge's Report and Recommendation on Countrywide's Motion for Leave to Appeal.

### FACTS AND PROCEDURAL HISTORY

The current action was brought in a Chapter 13 bankruptcy case filed by debtor, Marry E. Morrow ("Morrow"). In the suit, Morrow challenges the alleged practice of Countrywide in charging her and other debtors for amounts that Countrywide incurred in defending its interest in Chapter 13 bankruptcies, including amounts for reimbursement of attorneys' fees or administrative cost incurred for filing proofs of claim. According to Countrywide, the Bankruptcy Code, 11 U.S.C. § 506(b), and the contract between Countrywide and Morrow permit Countrywide to charge these amounts to the debtor.

This action was brought as a putative class action. Countrywide asserts that in her Second Amended Complaint, plaintiff sought to represent a nationwide Rule 7023(b)(3) class of

debtors against whom Countrywide assessed a fee for preparation of proofs of claim in their bankruptcy proceedings. In her November 27, 2002 Memorandum in Support of Motion for Class Certification plaintiff also sought to represent a Rule 7023(b)(2) class.

The Bankruptcy Court's August 8th Memorandum concluded that plaintiff's claims properly could be certified under Rule 7023(b)(2). However, the Bankruptcy Court also noted that "precedents already exist which preclude certification of a national class including all 50 states." Accordingly, the court left the definition of the class open, seeking further submissions from the parties as to the proper breadth of the class, as well as its proper definition.

The Bankruptcy Court then issued its December 12th Order. Stating that it found "unnecessary practical and legal problems" if it certified a nationwide class, such as "a potential for a different legal conclusion [by] a coequal judge who has entered a legal conclusion on how this issue is to be handled," the Bankruptcy Court decided to limit the class certified to debtors in the Northern District of Alabama. The Bankruptcy Court thus certified the following class:

> All bankruptcy debtors who have filed a Chapter 13 petition in the United States Bankruptcy Court for the Northern District of Alabama on or after January 1, 1994 (1) who had proofs of claim filed in their cases by Defendant which (a) did not disclose postpetition/preconfirmation fees, or (b) did not include the fees in the arrearage claims; (2) who had these fees collected or posted to their accounts in some way by defendant after filing bankruptcy, and (3) in whose cases defendant did not file a specific application for these fees which was approved by the United States Bankruptcy Court.

On December 22, 2003, Countrywide filed its Motion for Leave to Appeal the Bankruptcy Court's Class Certification Order. In its Motion, Countrywide raised three issues of law presented by its appeal: (1) whether the Bankruptcy Court erred in applying the wrong Rule 7023 standard to plaintiff's claims; (2) whether the Bankruptcy Court erred by certifying a class prior to defining it; and (3) whether the Bankruptcy Court erred in defining the class

inconsistently with the common issues that it identified and the scope of the evidence before it.

On July 30, 2004,[1] the Magistrate Judge issued his Report and Recommendation that Countrywide's Motion for Leave to Appeal be denied. On August 17, 2004, Countrywide filed the present objection to the portion of the Magistrate Judge's Report and Recommendation that recommends denial of Countrywide's December 22, 2003 Motion for Leave to Appeal.[2]

## STANDARD OF REVIEW

Upon an objection to a Magistrate Court's Report and Recommendation, a District Court may review the findings under a *de novo* standard of review. Concerning such reports, 28 U.S.C.A. § 636 states in part:

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C.A. § 636 (b)(1) (emphasis added). Similarly Federal Rule of Civil Procedure 72(b) states:

> A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings

---

[1] According to defendant, the Report and Recommendation was served on August 3, 2004, making this objection timely. *See* Fed. R. Civ. P. 72(b) (triggering response by when the Report and Recommendation is served); Fed. R. Civ. P. 6(a) (dealing with computation of time).

[2] Countrywide does not object to the portion of the Magistrate Judge's Report and Recommendation that rejected plaintiff's challenge to the timeliness of Countrywide's Motion. *See Report and Recommendation* at 3-4.

before the magistrate judge, and a record may be made of such other proceedings as the magistrate judge deems necessary. The magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.

A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

F.R.C.P. 72(b) (emphasis added).

## ARGUMENTS

### I.      Defendant's Objection.

Defendant points out that the Magistrate Judge's Report and Recommendation noted that class certification orders that turn on "case-specific matters of fact and district court discretion" generally are not appropriate for interlocutory review. Report and Recommendation at 5-6 (citing *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1275-76 (11th Cir. 2000)). According to defendant, without any individualized analysis of the issues raised by Countrywide, the court issued a blanket recommendation that this court deny Countrywide's Motion based on its apparent conclusion that each of the issues presented here are "fact-specific" and "within the discretion of the trial court." *Id.* at 6. Countrywide objects to the Magistrate Court's conclusion that the issues raised by Countrywide for appeal are "fact-specific" and "within the discretion of the trial court." Report and Recommendation at 6. It is Countrywide's position that the issues

4

raised by its proposed appeal are important both in and beyond this litigation and are "exactly" the kind of issues of law that are well-suited for interlocutory review. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1274-76 (11th Cir. 2000) (giving "guideposts" for determining whether to grant an interlocutory appeal under Rule 23(f)).

### A. The Court Can and Should Review Whether the Bankruptcy Court Utilized the Wrong Rule 23 Standard.

According to Countrywide, the first issue on which it sought leave to appeal was whether the Bankruptcy Court erred in evaluating plaintiff's Motion for Class Certification under Rule 7023(b)(2) rather than Rule 7023(b)(3). In reaching the conclusion that this issue was not appropriate for immediate review, the Magistrate Judge, Countrywide argues, conflated the issue of how Rule 7023(b)(2) was applied with the issue that Countrywide presented, which was whether Rule 7023(b)(2) should have been applied at all. Defendant argues that whether the court was correct to apply Rule 7023(b)(2) to plaintiff's claims is an issue of law and does not depend on findings of fact, but instead on whether injunctive relief is the predominant form of relief sought by the class. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998) (holding "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief"). *See also Murray v. Auslander,* 244 F.3d 807, 812 (11th Cir. 2001) (quoting *Allison*); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 975-76 (5th Cir. 2000) (discussing *Allison*); *Taylor v. Flagstar Bank, FSB*, 181 F.R.D. 509, 518 (M.D. Ala. 1998) (stating, "23(b)(2) actions are only appropriate where injunctive or declaratory relief is the primary relief sought"). According to defendant, whether the Bankruptcy Court applied the correct legal standard is precisely the type of issue the Eleventh Circuit has recognized is

sufficient, by itself, to justify immediate appellate review. *Prado-Steiman*, 221 F.3d at 1275 (identifying application of "the incorrect Rule 23 standard" as the type of error that may justify immediate appellate review).

Defendant further argues that to the extent the Bankruptcy Court's findings of fact are even relevant to the determination of whether Rule 7023(b)(2) applies to this case, the Bankruptcy Court's specific findings are inconsistent with its decision to proceed under Rule 7023(b)(2). According to defendant, although Rule 7023(b)(2) requires a finding that Countrywide "acted or refused to act on grounds generally applicable to the class," the Bankruptcy Court's August 8th Memorandum is rife with findings that Countrywide's practices varied over time. For example, defendant assert that the Bankruptcy Court explicitly found that, "[i]t appears from Countrywide's exhibits that it may have disclosed its assessment of the fees at some time, to some debtors, in some ways."[3]

Defendant maintains that whether the court applied the correct legal standard to plaintiff's class claims simply does not implicate the Bankruptcy Court's fact-finding or its discretionary authority. Therefore, defendant asserts, the Magistrate Judge's recommendation should not be followed.

    **B.**     **Whether the Bankruptcy Court Erred in Certifying a Class Before Defining**

---

[3] According to defendant, the Bankruptcy Court also observed that:

> Some proofs of claim include this fee and specifically identify it as a postpetition/preconfirmation fee. Other proofs of claim include this fee and generally identify it as an attorney fee. The McCalla Raymer firm does not include the fee in the amount on the proof of claim and discloses that the debtor "may" be charged for these services. Other proofs of claim do not include these postpetition/preconfirmation fees and do not disclose at all that the accounts are being charged for them.

6

**It is an Issue of Law.**

Defendant contends that the second issue raised by it, whether the Bankruptcy Court erred in certifying the class before defining it, is also an issue of law. It is defendant's position that it was impossible for the Bankruptcy Court to conduct the kind of "rigorous analysis"[4] required under Rule 7023 when it certified the class action before defining the putative class. *Adashunas v. Negley,* 626 F.2d 600, 603 (7th Cir. 1980) (stating that a reasonably defined class of plaintiffs is a requirement for stating a class claim); *Alexander v. Gino's, Inc.*, 621 F.2d 71, 75 (3rd Cir. 1980) (stating, there "still must be some class that satisfies all four requirements of rule 23(a)"); *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 387 (S.D. Ohio 2001) ("Before delving into a Rule 23 analysis, the district court must first consider whether a precisely defined class exists"); *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 683 (D. Colo. 1997) (stating class definition is "the most basic consideration of all" and refusing to apply Rule 23 at all because no workable definition was proposed). For example, defendant argues, whether a class is numerous (Rule 7023(a)(1)), or whether a class plaintiff has claims typical of those persons that she is trying to represent (Rule 7023(a)(3)), cannot be answered without reference to an identified class. In particular, defendant asserts, the Bankruptcy Court's analysis of Rule 7023 in a vacuum meant that it heard no evidence and made no findings of fact as to the numerosity of the class it ultimately defined.

The failure of the Bankruptcy Court to conduct the rigorous analysis required by Rule

---

[4] *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982) (stating, "a Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied").

7023 is not, defendant maintains, a matter left to the court's discretion. Instead, defendant asserts it is an error of law. Defendant further argues that this substantial weakness in the Bankruptcy Court's Order has implications beyond this case. Therefore, defendant concludes, immediate appellate review of the Bankruptcy Court's Order is justified.

    C.    **The Propriety of the Bankruptcy Court's Class Definition is Also Ripe for Review.**

Defendant contends that the third issue it raised for appeal – whether the Bankruptcy Court erred in defining the class inconsistently with the common issues that it identified and the scope of the evidence before it – also raises questions of law that can and should be reviewed now. According to defendant, although the common issues identified by the Bankruptcy Court related to the disclosure of post-petition, preconfirmation fees, the class definition inexplicably was limited to one potential means of disclosure to debtors – Countrywide's Proofs of Claim. Defendant asserts that whether that aspect of the class definition is proper does not turn on fact-specific issues. Indeed, defendant argues, the record is undisputed that other methods of disclosure were utilized, and the Bankruptcy Court did not find to the contrary. Moreover, defendant maintains, acting to correct this error now will ensure that further time and resources are not wasted in providing notice to, and trying the claims of, an improperly defined class.

**II.**    **Plaintiff's Response.**

According to plaintiff, defendant's objection is premised exclusively on a wholesale mischaracterization of the basis of the Magistrate Court's Report and Recommendation. Plaintiff points out that in the Report and Recommendation, the Magistrate Court specifically identified the legal issues given by defendant by quoting the exact language defendant used in its Reply in

8

Support of Motion For Leave to Appeal. <u>Report and Recommendation</u> at 5 (quoting Countrywide Reply at 3). Contrary to defendant's argument, plaintiff asserts that the mere involvement of fact-specific questions was not the sole basis of the Magistrate Court's recommendation. Rather, plaintiff maintains, the Magistrate Court's recommendation was based on consideration and application of all the factors enumerated in *Prado-Steiman*. Plaintiff points to the following passage from the Report and Recommendation:

> Despite [defendant's] impassioned arguments, the court does not find that the present case meets the criteria cited above. First, the issues presented herein, **at least in part**, are very fact specific as demonstrated by Judge Stilson's opinion. Second the certification issues in this case, particularly the parameters of the class, are matters within the discretion of the trial court. Third, Countrywide's anecdotical citation to the effects of the United Stated District Judge Brevard Hand's decision not to review a class certification order in *Powe v. Chrysler Financial Corp.*, Adv. No. 99-1121 (Bankr. S.D. Ala.), does not warrant the court granting leave to appeal in this matter.
>
> Additionally, applying the first criteria, whether the appeal would be dispositive of the entire case, the undersigned is satisfied that even if the court were to grant the motion, it is unlikely that a ruling would be dispositive of the litigation "by creating a 'death knell' for either plaintiff or defendant." *Prado-Steiman*, 221 F.3d at 1274.
>
> Applying the second criteria, whether the trial court was wrong, Countrywide has not at this juncture "shown a substantial weakness in the class certification decision, such that the decision likely constitutes an abuse of discretion." *Prado-Steiman*, 221 F.3d at 1274.
>
> Concerning the fourth factor, "the nature and status of the litigation," the court finds that Countrywide has not demonstrated anything significant that warrants an interlocutory review. To the contrary, nothing before the court justifies out of the ordinary handling of this matter. *Prado-Steiman*, 221 F.3d at 1276.
>
> Finally, concerning the last factor, the impact of future events, Countrywide has proffered no likely future event that makes immediate appellate review more appropriate. *Prado-Steiman*, 221 F.3d at 1276.

<u>Report and Recommendation</u> at 6-7 (emphasis added). Given this foundation behind the

Magistrate Court's position, plaintiff concludes that the Report and Recommendation is due to be adopted and the Motion for Leave to Appeal of defendant is due to be denied.

### CONCLUSIONS OF THE COURT

The court considers the Report and Recommendation ("R&R") of the Magistrate Judge and the Memorandum of Decision and Order of the Bankruptcy Judge. The Magistrate Judge analyzed the issues(s) under standards stated in *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000). R&R at 4 (listing five matters to be considered). Contrary to the defendant's suggestion that the Magistrate Judge considered only whether the issues are "fact specific," the Magistrate Judge addressed at least four of the *Prado-Steiman* factors. *See* R&R at 7. As to the third factor, this court does not conclude that there is an "unsettled legal issue that is 'important to the particular litigation . . .'"

In summary, the defendant notes three purported legal issues as listed on page 5 of the R&R.

This court rejects the defendant's argument that there was something per se wrong about the Bankruptcy Court's approaching the class action issue in two stages. The real issue is whether the combined Memorandum of Decision and Order appropriately certified a class.

This court also rejects the defendant's argument that certification of a class pursuant to Rule 7023(b)(2) was inappropriate as a matter of law. This argument of the defendant is apparently based on the premise that the defendant's "practices with respect to charging or assessing proof of claim fees varied during the class period." This argument fails because the class as defined by the Bankruptcy Court is restricted to those debtors who have been involved with specifically designated circumstances, listed as (1)(a)/(b), (2) and (3). *See supra* p. 2. The

definition excludes other possible varying conduct.

The <u>real</u> issues relate to the Bankruptcy Court's determination of the appropriateness of class proceedings. These issues are fact sensitive. Contrary to defendant's suggestion, the Bankruptcy Court engaged in an extensive discussion as to the appropriateness of class certification in its Memorandum of Decision dated August 8, 2003. See pages 12-24. What may not be so clear is whether the finding of numerosity in that Memorandum was based on a nationwide consideration or a Northern District of Alabama consideration. That issue, itself, is fact sensitive. While the court will overrule the defendant's objection to the Magistrate Judge's R&R, it does note that the Bankruptcy Court should reexamine the numerosity issue and make a finding with respect to the Northern District of Alabama.

This 8 of October, 2004.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**